UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------
ELAINE C.,

                            Plaintiff,          <u>DECISION AND ORDER</u>
                                                1:23-CV-02120-GRJ

            v.

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

    In May of 2020, Plaintiff Elaine C.[1] applied for Disability Insurance

Benefits and Supplemental Security Income Benefits under the Social

Security Act. The Commissioner of Social Security denied the applications.

Plaintiff, represented by the Law Office of Charles and Harry Binder,

Charles E. Binder, Esq., of counsel, commenced this action seeking judicial

review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g)

and 1383 (c)(3).  The parties consented to the jurisdiction of a United

States Magistrate Judge. (Docket No. 9).

    This case was referred to the undersigned on August 16, 2023.

Presently pending is Plaintiff's Motion for Judgment on the Pleadings under

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 15). For the following reasons, Plaintiff's motion is due to be denied and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on May 2, 2020, alleging disability beginning August 29, 2018. (T at 95-96, 319-23, 327-33).[2]  Plaintiff's applications were denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on September 10, 2021, before ALJ Angela Banks. (T at 60-94). Plaintiff appeared with a non-attorney representative and testified. (T at 66-85). The ALJ also received testimony from Thomas Hardy, a vocational expert. (T at 85-91).

### B.    ALJ's Decision

On December 9, 2021, the ALJ issued a decision denying the applications for benefits. (T at 35-59).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since August 29, 2018 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2020 (the date last insured). (T at 40).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 12.

The ALJ concluded that Plaintiff's diabetes, asthma, obesity, migraine headaches, depressive disorder, anxiety disorder, and post-traumatic stress disorder were severe impairments as defined under the Act. (T at 40).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 42).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can occasionally balance on uneven terrain; occasionally stoop, crouch, kneel, crawl, and climb ramps and stairs, but never climb ladders, ropes or scaffolds; she can have no more than occasional exposure to extreme temperatures or respiratory irritants; cannot operate a motor vehicle as an occupational requirement; and cannot perform work involving unprotected heights or moving mechanical parts. (T at 45).

The ALJ also found that Plaintiff is limited to simple, routine, and repetitive tasks, in a low stress job (i.e., no more than occasional decision-making and changes in the work setting with no more than occasional judgment required), with work that is goal-oriented, but not at a production-

rate pace, and involving no more than occasional contact with coworkers, supervisors, and the public. (T at 45).

The ALJ concluded that Plaintiff could not perform her past relevant work as a home attendant. (T at 21).

However, considering Plaintiff's age (41 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform.  (T at 52).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between August 29, 2018 (the alleged onset date) and December 9, 2021 (the date of the ALJ's decision). (T at 53).

On January 18, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on March 13, 2023. (Docket No. 1).  On June 14, 2023, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 15, 16).  The Commissioner interposed a

brief in opposition on July 14, 2023. (Docket No. 19).  On July 27, 2023,

Plaintiff submitted a reply memorandum of law in further support of her

motion. (Docket No. 20).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a

claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999).

The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the

Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566

F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings,

which are considered conclusive if supported by substantial evidence. *See*

42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*,

562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by

substantial evidence, the reviewing court is required to examine the entire

record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

See *Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises three arguments in support of her request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.  Second, she contends that the ALJ erred in discounting her credibility.  Third, Plaintiff asserts that a remand is required for consideration of a medical opinion not submitted to the ALJ.  This Court will address each argument in turn.

### A.    Medical Opinion Evidence

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical

opinions or prior administrative medical finding(s) will be." 20 C.F.R. §

404.1520 (c)(1), 416.920c(c)(1).

In the present case, Plaintiff challenges the ALJ's assessment of the

medical opinion evidence regarding her mental impairments and migraines.

### 1.    Mental Impairments

In November of 2018, Dr. Andrea Perez, Plaintiff's treating primary

care physician, completed a psychiatric/psychological impairment

questionnaire.  She had been treating Plaintiff since May of 2014. (T at

510).  Dr. Perez diagnosed major depressive disorder, recurrent, moderate.

(T at 510).  She assessed moderate limitation with respect to Plaintiff's

understanding and memory; moderate impairment in concentration and

persistence; moderate-to-marked limitation as to social interaction; and

moderate impairment with respect to her ability to adapt. (T at 513).  Dr.

Perez opined that Plaintiff was likely to be absent more than 3 times per

month due to her impairments or treatment. (T at 514).

Dr. Perez completed another questionnaire in November of 2019,

assessing essentially the same level of limitation. (T at 542-76).

In September of 2021, Jessica Rodriguez, LCSW, a social worker,

completed a psychiatric/psychological impairment questionnaire.  She had

been treating Plaintiff weekly since October of 2020. (T at 1212).  Ms.

Rodriguez reported diagnoses of major depressive disorder (recurrent severe), generalized anxiety disorder, and chronic post traumatic stress disorder. (T at 1212).  She assessed moderate-to-marked impairment in Plaintiff's understanding and memory, concentration and persistence, social interactions, and adaptation skills. (T at 1215). Ms. Rodriguez opined that Plaintiff was likely to be absent more than 3 times per month due to her impairments or treatment. (T at 1216).

The ALJ found the opinions of Dr. Perez and Ms. Rodriguez persuasive to the extent that assessed moderate limitation in Plaintiff's mental functioning, but unpersuasive insofar as they opined that Plaintiff had marked impairments. (T at 50).

For the following reasons, the Court finds the ALJ's decision supported by substantial evidence and consistent with applicable law.

First, the ALJ's decision is supported by other medical opinions in the record.  Dr. Joshua Goldstein performed a consultative psychiatric evaluation in July of 2020.  He diagnosed major depressive disorder (recurrent, moderate, with psychotic features); generalized anxiety disorder; and adjustment disorder with anxious mood. (T at 777).  Dr. Goldstein assessed mild limitation with respect to Plaintiff's understanding and memory; moderate impairment in social interaction; mild limitation in

concentration and pace; moderate impairment in sustaining ordinary routine and regular attendance; and moderate limitation in regulating emotions, controlling behavior, and maintaining well-being. (T at 777).

Dr. E. Kamin, a non-examining State Agency review physician, reviewed the record and opined that Plaintiff had mild limitation with respect to understanding, remembering, or applying information; moderate impairment as to social interactions; moderate limitation with regard to concentration, persistence, and pace; and mild impairment in adapting or managing herself. (T at 131).

The ALJ found the opinions of Dr. Goldstein and Dr. Kamin persuasive (T at 48, 51) and they provide support for the ALJ's decision to discount the more restrictive aspects of the treating source opinions. *See Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'")(citations omitted); *Petrie v. Astrue*, 412 Fed. App'x 401, 406 (2d Cir. 2011)("The report of a consultative physician may constitute … substantial evidence."); *see also Sanchez v. Berryhill*, No. 16-CV-07775 (PGG) (DF), 2018 WL 1472687, at *20 (S.D.N.Y. Feb. 28, 2018), *report*

*and recommendation adopted sub nom. Sanchez v. Comm'r of Soc. Sec*., No. 16-CIV-7775-PGG-DCF, 2018 WL 1478040 (S.D.N.Y. Mar. 23, 2018)("[W]hile both of the consultants did opine that Plaintiff had certain of the same or similar mental impairments as those assessed by [treating provider], their views as to the 'mild' or 'moderate' severity of those impairments … did not support [the treating provider's] expressed view that many of Plaintiff's impairments were 'marked' or 'extreme.'")(internal citations omitted).

The ALJ also reasonably read the record as inconsistent with marked mental limitations.  Although the treatment notes document depression, anxiety, and other psychiatric symptoms, Plaintiff was consistently cooperative, with appropriate mood and thought processes and capable of performing a range of activities of daily living. (T at 47-48, 50, 573, 576, 582, 776, 784, 904, 1167).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec*., No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and

13

mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Lastly, the ALJ did not reject the evidence of limitation in Plaintiff's mental functioning.  Rather, the ALJ recognized Plaintiff's depressive disorder, anxiety disorder, and post-traumatic stress disorder as severe impairments (T at 40); assessed moderate impairment with respect to her understanding and memory, social skills, and ability to maintain concentration, persistence, and pace (T at 44); and limited Plaintiff to a low-stress job, involving no more than occasional contact with co-workers, supervisors, and the public, and requiring only simple, routine, and repetitive tasks. (T at 45). *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r*

*of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases);

*Walters v. Saul*, No. CV 19-3232 (AYS), 2021 WL 4861521, at *11

(E.D.N.Y. Oct. 19, 2021); *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F.

Supp. 3d 2, 12 (W.D.N.Y. 2021).

 Plaintiff offers an alternative reading of the evidence and argues that

this supports the treating providers' more restrictive assessments.

However, "[s]ubstantial evidence is "a very deferential standard of review

— even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683

F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The

substantial evidence standard means once an ALJ finds facts, [a court] can

reject those facts only if a reasonable factfinder would *have to conclude*

*otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation

marks omitted).

 "The role of the reviewing court is therefore quite limited and

substantial deference is to be afforded the Commissioner's decision."

*Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and

internal quotation marks omitted).  Indeed, "[i]f the reviewing court finds

substantial evidence to support the Commissioner's final decision, that

decision must be upheld, even if substantial evidence supporting the

claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122,

126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Therefore, for the reasons outlined above, the Court finds that substantial evidence supports the ALJ's assessment of the medical opinion evidence regarding Plaintiff's mental limitations.

### 2.   Migraines

Dr. Robert April performed a neurological evaluation in August of 2021.  He diagnosed atypical migraine and affective psychiatric disorder with a possible schizophrenic element. (T at 1102).  Dr. April predicted that Plaintiff would experience atypical migraines for at least 12 months, with feelings of being overwhelmed as a contributing factor. (T at 1102).  He opined that Plaintiff could not perform full-time competitive work. (T at 1102-1103).

Dr. April recommended that Plaintiff avoid dust, heights, temperature extremes, pushing, pulling, kneeling, and stooping. (T at 1103).  He further opined that Plaintiff was incapable of even "low stress" work and would likely be absent from work more than 3 times per month due to her impairments or treatment. (T at 1113).

The ALJ found Dr. April's opinion unpersuasive. (T at 50-51).  The ALJ's decision is supported by substantial evidence.

The ALJ reasonably found Dr. April's extremely restrictive opinion not supported by the record.  Dr. April based his opinion on a single examination and acknowledged that his opinion was not based on any "supportive objective signs." (T at 1103).  When asked to provide the clinical basis for his conclusion that Plaintiff was incapable of "low stress" work, Dr. April simply responded: "She can't." (T at 1113). *See* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be.").

The ALJ's decision is also supported by other opinions in the record. Dr. Anne Marie Finegan performed a consultative examination in July of 2020.  She diagnosed non-insulin dependent diabetes with very poor control, diabetic neuropathy, asthma, mood disorder, and idiopathic thrombocytopenia. (T at 784).  Dr. Finegan opined that Plaintiff should not be exposed to fumes or other respiratory irritants, should not perform work involving foot or hand controls, and should not work around dangerous or moving equipment. (T at 785).

Dr. S. Putcha, a non-examining State Agency review physician, opined that Plaintiff could perform a range of work with environmental limitations to account for her headaches. (T at 159-62).

These opinions provide support for the ALJ's decision to discount the more restrictive aspects of Dr. April's assessment.

Notably, the ALJ did not disregard Plaintiff's migraines.  Rather, she recognized them as a severe impairment (T at 40) and limited Plaintiff to low stress work, with no more than occasional exposure to respiratory irritants, and with no work involving unprotected heights or moving mechanical parts. (T at 45).

These findings are supported by substantial evidence and must be sustained under the deferential standard of review applicable here.

*B.    Credibility*

A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49

(2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec*., 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No.

13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: She stopped working due to depression that led to an emotional breakdown at work. (T at 66). She suffers from several physical ailments, including neuropathy in her feet and hands, swelling, diabetes, migraine headaches, and low back pain. (T at 67, 69, 76-79) She cannot work due to these problems, along with emotional outbursts, depression, and anxiety. (T at 68-69, 80). Plaintiff seldom leaves her home "unless it's absolutely necessary" and is easily startled and annoyed. (T at 80-81).  She has problems with attention, concentration, and memory. (T at 80-81).

Plaintiff experiences approximately 2-3 migraines per month, each lasting up to two days. (T at 74-75). She also suffers from nausea with vomiting, vertigo, and sensitivity to light and sound during migraines. (T at 76).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but concluded that her statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible. (T at 46).

For the following reasons, the Court finds the ALJ's consideration of Plaintiff's credibility supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling pain and limitation not fully consistent with the treatment record and persuasive medical opinions of record, including the assessments of Drs. Goldstein (T at 777), Kaim (T at 131), Finegan (T at 784-85), and Putcha (T at 159-62).

An ALJ has the discretion to discount a claimant's subjective complaints where, as here, those complaints can be considered inconsistent with the overall clinical assessments and treatment notes. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, the ALJ reasonably found Plaintiff's complaints of disabling pain and limitation inconsistent with her activities of daily living, which included cooking, cleaning, laundry, and shopping. (T at 47, 563, 776, 782).

A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir. 2010)(affirming

ALJ's credibility determination in light of "substantial evidence … showing that [claimant] was relatively 'mobile and functional,' and that … allegations of disability contradicted the broader evidence"); *Ashby v. Astrue*, No. 11 Civ. 02010, 2012 U.S. Dist. LEXIS 89135, at *43-44 (S.D.N.Y. Mar. 27, 2012)("As it appears that, in making his credibility assessment, the ALJ appropriately considered Plaintiff's ability to engage in certain daily activities as one factor, among others suggested by the regulations, this Court finds no legal error in this aspect of the ALJ's analysis.").

There is no question that Plaintiff suffers from pain and limitation related to her physical and psychiatric impairments.  The ALJ did not dismiss Plaintiff's subjective complaints and, instead, found her limited to a reduced range of light work. (T at 45).  "[D]isability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the treatment notes and medical opinions and proper consideration of the activities of daily living.  This is sufficient to sustain the disability determination under the deferential standard of review applicable here.

*See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not "second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

### 3.   *Additional Evidence*

The Appeals Council will grant review based on evidence not submitted to the ALJ if, *inter alia*, the evidence is new and material, there is a reasonable probability that it would change the outcome of the decision, and the claimant shows good cause for not submitting, or informing the agency about, the evidence before the ALJ issued a decision. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5).

In the present case, Plaintiff provided the opinion of Dr. Christina Ryser to the Appeals Council.  Dr. Ryser performed a consultative psychological evaluation in January of 2022, after the ALJ issued her decision. (T at 17-34).  Dr. Ryser diagnosed major depressive disorder

(recurrent, severe with psychotic features), post-traumatic stress disorder, and generalized anxiety disorder. (T at 28).

She opined that Plaintiff may be able to follow simple directions, but would struggle with complex tasks; would be challenged to use reason and judgment to make work-related decisions; was limited in terms of her ability to sustain concentration, persistence, and pace; would likely have difficulty relating to co-workers, supervisors, and the public; and would have difficulty controlling her behavior, maintaining her well-being, and dealing with normal pressures in a competitive work setting. (T at 28).

The Appeals Council denied Plaintiff's request for review, finding that Dr. Ryser's opinion did not create a reasonable probability that would change the outcome of the ALJ's decision. (T at 2).

Where, as here, a claimant argues that the Appeals Council erred by failing to grant review based on additional evidence, the question for the Court is whether substantial evidence supports the ALJ's decision, even considering the additional evidence. *See Perez v. Chater*, 77 F. 3d 41, 46 (2d Cir. 1996)( "When the Appeals Council denies review after considering new evidence, we simply review the entire administrative record, which includes the new evidence, and determine, as in every case, whether there is substantial evidence to support the decision of the Secretary").

The Court finds the ALJ's decision supported by substantial evidence, even accounting for Dr. Ryser's assessment.  Dr. Ryser's opinion, which is based on a single videoconference session with Plaintiff, is not materially different from the assessments offered by Dr. Perez and Ms. Rodriguez.

For the reasons discussed above, the ALJ acted within her discretion in discounting the more restrictive aspects of those opinions and rendered a well-supported RFC determination that included significant limitations that accounted for Plaintiff's limitations.  *See Heather V. v. Comm'r of Soc. Sec.*, No. 20-CV-01870-FPG, 2023 WL 2607301, at *4 (W.D.N.Y. Mar. 23, 2023)("Still, even when the Appeals Council errs in failing to consider newly submitted evidence, remand is not required where the new evidence would not have resulted in a different outcome, such as where the evidence is merely cumulative or duplicative of evidence that the ALJ already considered.")(citing *Ramsey v. Comm'r of Soc. Sec.*, 830 F. App'x 37, 40 (2d Cir. 2020); *Tricarico v. Colvin*, 681 F. App'x 98, 102 (2d Cir. 2017)).

## IV.  CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED and this case is DISMISSED.

The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: November 3, 2023          *s / Gary R. Jones*

GARY R. JONES
United States Magistrate Judge